IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARUS LEON HUNTER, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 2:18-cv-00348-TJS |
| | : | |
| UNIVERSITY OF PENNSYLVANIA, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**DEFENDANT UNIVERSITY OF PENNSYLVANIA'S
ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY
TO PLAINTIFF'S COMPLAINT**

Defendant University of Pennsylvania ("Defendant") by and through its undersigned counsel, hereby answers Plaintiff 's Complaint and states as follows:

1. Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. The FCRA does not apply in this case.

5. Defendant did not willfully violate any provision of the FCRA.

6. Defendant did not negligently violate any provision of the FCRA.

7. Plaintiff failed to mitigate any damages which he may have suffered.

8. Plaintiff has suffered no compensable damages.

9. Plaintiff suffered no ascertainable loss of money or property.

10. Any violation of law, which is specifically denied, was not intentional and resulted

from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11. Defendant did not engage in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connect with the collect of a debt.

12. Defendant did not make any false or misleading representations to Plaintiff or anyone else.

13. Plaintiff did not justifiably rely upon any alleged false or misleading representation.

14. None of the communication alleged by Plaintiff contains deception.

15. Defendant did not engage in fraudulent conduct that creates a likelihood of confusion or misunderstanding.

16. Defendant did not have the intent necessary to rise to the level of a reckless or willful act.

17. Defendant affirmatively alleges that Plaintiff's claims are barred by the lack of standing under Article III of the Constitution. *See Spokeo Inc. v. Robins*, 136 S. Ct., 1540, 1544-1550, 194 L.Ed.2d 635 (U.S. 2016).

18. Defendant affirmatively alleges that Plaintiff's claims are barred by the absence of an actual or imminent injury that is concrete and particularized. *See Spokeo Inc. v. Robins*, 136 S. Ct., 1540, 1544-1550, 194 L.Ed.2d 635 (U.S. 2016).

19. To the extent that any employee of Defendant was acting outside of the scope of his or her employment, Defendant cannot be held liable.

20. The Fair Debt Collection Practices Act does not apply to this case.

21. At all pertinent times, Defendant acted in compliance with the Federal Trade Commission regulations, Federal Trade Commission staff commentary and letter commentaries,

and/or Federal Trade Commission advisory opinions.

22. Defendant's conduct was not objectively offensive.

23. Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

**DEMAND FOR JURY**

Defendant demands a jury pursuant to Fed.R.Civ.P. 38 for all issues so triable.

                                        FINEMAN KREKSTEIN & HARRIS, P.C.

                      By:      /S/ Richard J. Perr
                                RICHARD J. PERR, ESQUIRE
                                GRAEME E. HOGAN, ESQUIRE
                                PA Atty. ID Nos. 72883 & 319656
                                Ten Penn Center
                                1801 Market Street, Suite 1100
                                Philadelphia, PA  19103-1628
                                (v) 215-893-9300; (f) 215-893-8719
                                rperr@finemanlawfirm.com
                                ghogan@finemanlawfirm.com
                                Attorneys for Defendant

Dated:  February 23, 2018

# CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system, or by first class mail, postage prepaid, and/or email or facsimile on the following:

Darus Leon Hunter
2521 North Sprangler Street
Philadelphia, PA  19132
Pro Se Plaintiff

                                              /S/ Richard J. Perr
                                              RICHARD J. PERR, ESQUIRE

Dated: February 23, 2018