**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARUS LEON HUNTER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA** | : | **NO.  18-348** |

## MEMORANDUM OPINION

**Savage, J.**                                                                         **July 2, 2018**

Darus Hunter, a former student at the University of Pennsylvania (Penn), has filed a *pro se* action against Penn alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and his First Amendment right stemming from a student loan issued by the school.[1]  He claims Penn reported inaccurate and harmful information to credit bureaus about the status of his loan.[2]  He also brings a claim under 42 U.S.C. § 1983 for retaliation for engaging in protected speech when Penn failed to hire him because he had filed a lawsuit against it.[3]

Penn has moved to dismiss the amended complaint. It argues that the claims under the FCRA fail because they are either not available in a private cause of action or inapplicable.  As to the § 1983 claim, Penn contends it is not a state actor amenable to suit under § 1983.[4]

Because Hunter has failed to file a response to Penn's motion to dismiss, we may deem it uncontested pursuant to Local Rule of Civil Procedure 7.1(c).  However,

---

[1] Am. Compl. (Doc. No. 19).

[2] *Id.* ¶¶ 6, 11.

[3] *Id.* ¶ 13.

[4] Mot. to Dismiss (Doc. No. 20-1) at 8–14.

because he is proceeding *pro se*, we shall consider the motion on the merits.  In doing so, we accept all the well-pleaded factual allegations as true and draw all inferences in favor of Hunter.  Additionally, given Hunter's *pro se* status, we consider his amended complaint deferentially, affording him the benefit of the doubt where one exists.

### The FCRA Claim

Hunter contends that Penn violated the FCRA by reporting inaccurate and maliciously harmful information to credit reporting agencies.[5]  He alleges that "[t]he university refused to cease reporting inaccurate information when requested."[6]  He does not specify the provision of the FCRA allegedly violated. The only provision that could apply is § 1681s–2(a).  Thus, we analyze his claim under that section.

The FCRA, pursuant to 15 U.S.C. § 1681s–2(a), requires furnishers of information to provide accurate information to consumer reporting agencies.  *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011).  It prohibits furnishing information to credit reporting agencies a person knows or has reason to know is inaccurate.  15 U.S.C. § 1681s–2(a)(1)(A).

Enforcement of this provision is reserved exclusively for federal and certain state officials.  *SimmsParris*, 652 F.3d at 358 (citing 15 U.S.C. §§ 1681s–2(c), 1681s–2(d)).  No private right of action exists for a failure to comply with § 1681s–2(a).  *Tauro v. Capital One Fin. Corp.*, 684 F. App'x 240, 242 (3d Cir. 2017) (citing *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014)).  Thus, because Hunter cannot bring a private cause of action against Penn for allegedly reporting inaccurate information regarding his student loan, his claim for violation of § 1681s–2(a) must be dismissed.  *Id.*

---

[5] Am. Compl. ¶ 11.

[6] *Id.* ¶ 1 at ECF 5.

A private cause of action may be brought against furnishers of information for failure to investigate a dispute after receiving notice from a credit reporting agency under 15 U.S.C § 1681s–2(b). *SimmsParris*, 652 F.3d at 358; 15 U.S.C. § 1681i(a)(2). The obligation or duty imposed by this section upon a furnisher of information is triggered only after a credit reporting agency has notified the furnisher of a dispute. In other words, to invoke the remedy for a violation of § 1681s–2(b), notice of an inaccuracy must be given by a credit reporting agency, not the consumer. *SimmsParris*, 652 F.3d at 358.

Hunter alleges that he complained to the credit bureaus and to Penn about the inaccurate credit report.[7] He alleges that the notice of the inaccuracy to the furnisher (Penn) came from the consumer (Hunter), not a credit reporting agency. Hence, Hunter has not stated a claim for a violation of § 1681–2(b).

### The § 1983 Claim

Hunter's § 1983 claim is for retaliation for exercising his freedom of speech under the First and Fourteenth Amendments. He asserts that in his final semester at Penn, he sued the university for depositing his student aid in the wrong account. He "dropped the suit" when he learned the funds had been properly, but untimely, deposited into the right account, and he was given an interview for a job he did not get.[8]

To state a § 1983 claim, a plaintiff must allege that he was deprived of a federal constitutional or statutory right by a person acting under the color of state law. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Only a person acting under color of state law

---

[7] *Id.* ¶ 8.

[8] *Id.* ¶ 1 at ECF 4.

may be liable for a constitutional deprivation under § 1983. Likewise, a private entity can only be liable under § 1983 if it is a state actor. *Cahill ex rel. L.C. v. Live Nation*, 512 F. App'x 227, 230 (3d Cir. 2013); *see also P.R.B.A. Corp. v. HMS Host Toll Roads, Inc.,* 808 F.3d 221 (3d Cir. 2015) (analyzing whether a private corporation was considered a state actor for § 1983 liability).

Hunter recognizes that Penn is a private university.[9] He does not suggest that Penn is a state actor. *See Cahill*, 512 F. App'x at 230 (finding a private company could only be liable if it was a state actor). Indeed, Hunter has not provided any facts showing that Penn acted in concert with the state in issuing his student loan, or that the two were so intertwined that the state was responsible for Penn's actions. *See Karakozova v. Trustees of Univ. of Pa.,* Civ. A. No. 09-02564, 2011 WL 1754468, at *5 (E.D. Pa. May 9, 2011) (granting summary judgment in favor of Penn because it was a private institution whose actions were not attributable to the state under § 1983); *Pen Pik v. Univ. of Pa.,* Civ. A. No. 08-5164, 2010 WL 3933275, at *7 (E.D. Pa. Oct. 7, 2010) (holding that Penn was not a state actor for purposes of a § 1983 claim because the state did not statutorily accept responsibility for the university and was under no obligation to make future appropriations to it). Therefore, Hunter cannot state a § 1983 claim against Penn.

### The State Law Claims

In Count III of his first amended complaint, Hunter asserts a claim for an invasion of privacy under Pennsylvania law. He alleges that Penn violated his rights by "illegally

---

[9] *Id.* ¶ 3.

invading [his] credit report, obtaining access to [his] personal and private affairs."[10] He also brings a claim for intentional infliction of emotional distress.[11]

"Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original) (citing *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)); 28 U.S.C. § 1367(c)(3).

There is no reason to retain jurisdiction over Hunter's state law claims, which may be asserted in state court. *See e.g., Segers v. Williams,* Civ. A. No. 13-2413, 2014 WL 285078, at *5 n.9 (E.D. Pa. Jan. 27, 2014). Thus, with respect to the state law claims for invasion of privacy and intentional infliction of emotional distress brought under Pennsylvania law, we shall decline to exercise supplemental jurisdiction.[12]

Hunter will not be given leave to file an amended complaint because it would be futile. Where the complaint does not withstand a 12(b)(6) motion, a curative amendment must be allowed unless amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d. Cir. 2004). An amendment is futile if the proposed amendment would still fail to state a claim upon which relief can be granted. *Shane v.*

---

[10] *Id.* ¶ 15.

[11] *Id.* ¶ 19.

[12] Hunter's common law claim for intentional infliction of emotional distress is predicated on Penn's conduct as "described above." Am. Compl. ¶ 19. To the extent Hunter claims emotional distress due to Penn furnishing purportedly false information to credit reporting agencies, § 1681t(b)(1)(F) of the FCRA would preempt it. 15 U.S.C. § 1681t(b)(1)(F); *see Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011) (holding that § 1681t(b)(1)(F) preempted a state common law claim for intentional infliction of emotional distress); *Fitzgerald v. Trans Union, LLC*, Civ. A. No. 17-3842, 2018 WL 334530, at *5 (E.D. Pa. Jan. 8, 2018) (holding that § 1681t(b)(1)(F) preempted all state statutory and common law claims against furnishers of information acting under § 1681s–2).

*Fauver*, 213 F.3d 113,115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

Here, amendment would be futile because the statutes Hunter relies upon do not grant him relief for the violations alleged. Hunter cannot sustain a private right of action under the FCRA for inaccurate furnishing of information because it is not statutorily permitted. Nor can he establish that Penn is a state actor under § 1983. In other words, even if Hunter amended his complaint, his federal causes of action would still fail. The deficiencies cannot be cured. Therefore, we shall dismiss the federal claims with prejudice and the state law claims without prejudice so Hunter may assert them in state court.